## H. NATHAN BLAUSTEIN *vs.* TIT BELONSKI.

*Breach of Contract—Insufficiency of Evidence.*

In an action for alleged breach of contract to transmit money to a foreign country, *held* that defendant was entitled to a directed verdict, the burden being on plaintiff to prove the breach, and there being no evidence that the money was not transmitted as agreed.

*Decided February 1st, 1924.*

Appeal from the Superior Court of Baltimore City (STUMP, J.).

Action by Tit Belonski against H. Nathan Blaustein, surviving partner of S. Blaustein & Son. From a judgment for plaintiff, defendant appeals. Reversed.

The cause was argued before BRISCOE, THOMAS, PATTISON, URNER, ADKINS, and OFFUTT, JJ.

*Julius H. Wyman,* with whom was *Jacob S. New* on the brief, for the appellant.

*Edwin Burgess,* for the appellee.

ADKINS, J., delivered the opinion of the Court.

The declaration in this case was on the common counts and the following special count, viz:

> "And for that the plaintiff deposited with the defendant on the 13th day of August, 1917, four hundred and eighty dollars ($480.00) to be transmitted and placed to the credit of the plaintiff in the Government Saving Bank at Moscow, Russia (in rubles), and to get a bank deposit book from the bank showing the deposit, which the defendants failed to do, and the plaintiff made demands on the defendants for the money, and the defendants refuse to pay."

Defendant pleaded the general issue pleas, and the case was tried by the court without a jury.

Plaintiff testified that he took some money to the defendant's place of business to buy two thousand rubles. He produced in evidence the following receipt, viz:

> "Plaintiff's Exhibit Number 1.
> (Translated)
> "Aug. 13, 1917.
> "S. Blaustein and Son, Agts.,
> "821 E. Baltimore Street,
> "Baltimore, Md.
> "Received from Titus Belonski $480.00 ($480.00).
> For foreign money—two thousand rubles.

"To be remitted to savings bank in Moscow.

"Residence—Moscow.

"$480.00.                    per S. Blaustein & Son.

"This remittance will be forwarded to the payee specified, subject to the rules and regulations of the Post Office Department used in making the remittance.

"No claim whatsoever referring to this remittance will be considered after three months from date of this receipt."

He further testified that he came to the defendant's office and asked a man he saw there to send some money to the "old country," and he said yes; that he asked him would he send the money to his country to a bank in Moscow; that he asked how much would two thousand rubles be and he was informed $480; that he was to send two thousand rubles to Russia.

This is all the testimony that was offered by plaintiff, so far as the record shows.

The defendant produced Melvin H. Naiman, the manager of their foreign exchange and steamship department, who testified as follows: that the $480.00 was received by the defendant; that "they turn in each night money by an advice sheet, sending all orders to C. B. Richards & Company, defendant's New York correspondent, which they did at that time, and the money is in turn retransmitted to the C. B. Richards & Company's correspondent in Russia, in Moscow, in this particular case; that the defendants purchased the foreign exchange from them, and they in turn undertake to transmit it for them, sending the money by the first available steamer; that it is sent through registered mail; that they have no correspondent in Moscow, and it was sent through C. B. Richards & Company, New York, who did have a correspondent there."

This is all the admitted testimony of defendant.

The first four exceptions were to the exclusion of certain testimony offered by defendant.

In the view we take of this case, it will not be necessary to consider these exceptions.

At the conclusion of the testimony defendant offered two prayers asking for a directed verdict:

(a) because there was no evidence legally sufficient to entitle the plaintiff to recover;

(b) because there was no evidence legally sufficient under the pleadings to entitle plaintiff to recover.

One or both of these prayers should have been granted.

The suit was for an alleged breach of contract. The burden was upon the plaintiff to prove the breach, and there is not a particle of evidence tending to show that defendant failed to do anything he agreed to do. So far as the record shows, the money may have been in the bank at Moscow at the time the suit was brought. At any rate, there is nothing tending to show that it was not transmitted in accordance with the agreement, and it will be noted that there is not a particle of evidence that defendant agreed to do more than that.

The allegation in the *narr.* that defendant agreed to get a bank deposit book showing the deposit, is absolutely unsupported.

> *Judgment reversed without a new trial, with costs to appellant.*