CHARLES BIANCO ET AL. v. TOWN OF DARIEN ET AL.

KING, C. J., ALCORN, HOUSE, THIM and RYAN, Js.

Argued December 4, 1968—decided February 19, 1969

*George, J.;* judgment for the defendants and appeal by the plaintiffs. *No error.*

*Robert A. Slavitt,* with whom, on the brief, was *Abraham D. Slavitt,* for the appellants (plaintiffs).

*P. Hurley Bogardus, Jr.,* with whom, on the brief, was *Edward R. McPherson, Jr.,* for the appellees (defendants).

RYAN, J.   The plaintiffs Charles and Marie D. Bianco are the owners of a parcel of land on Wakemore Street in the town of Darien.   Wakemore Street is a dead-end private road running generally east and west and adjoining Hoyt Street, a public highway, on the west.   Commencing in 1929, a refuse collection business has been conducted on the premises, and, as an incident of the business, one or more garbage trucks have been stored on the premises since 1932.   As of August 19, 1965, and since 1929 the plaintiff Lapolla and Bianco Company and its predecessor, Lapolla and Bianco, which was a partnership, had continuously operated a private garbage collection business on the premises.   From 1958 to the commencement of the present action, the plaintiffs maintained ten trucks on the premises. Zoning regulations were first adopted by the town of Darien in 1925.   Since that time, the plaintiffs' property has been in a residence zone wherein the storage of trucks was not a permitted use.  Although the plaintiffs' property consists of more than one lot, the parties have stipulated that the matter in controversy involves only the easternmost portion of lot 39.   In March, 1965, the zoning enforcement officer of the town received a written complaint concerning the use of the premises for the storage

of trucks. This was the first written complaint which he had ever received concerning this matter. On or about July 29, 1965, the building and zoning inspector informed the plaintiffs by letter that the storage of trucks on the premises was not permitted. The letter stated that it was to serve as an official notice, and the plaintiffs were given until October 1, 1965, to comply with the order to desist from storing trucks on their property. The plaintiffs sought no review of this order by the zoning board of appeals, nor did they apply for a variance. Instead they brought the present action in the Court of Common Pleas, seeking an injunction to restrain the defendant town and the defendant building and zoning inspector from interfering with the operation of the plaintiffs' garbage collection business and their truck storage and repair facility on the premises. It should be noted at this point that the order of the defendant building and zoning inspector was directed to the owners of the real estate and not to the corporation. The order related solely to the storage of trucks on the land. Nothing was said in the order concerning the operation of a garbage collection business.

The complaint is in six counts. The plaintiffs claim, in the first count, that the defendant town and its building and zoning inspector are estopped "both technically and equitably" from enforcing the zoning regulations against the plaintiffs. In the second count, it is alleged that a literal enforcement of the regulations constitutes an unequal and discriminatory enforcement of the regulations as to the plaintiffs and is a violation of their rights under the constitutions of the United States and the state of Connecticut. The third count is predicated on an allegation that the plaintiffs' use of the property is a

lawful nonconforming use. The fourth, fifth and sixth counts allege respectively that the town abandoned its right to restrict the plaintiffs' use of its premises, that the town has repeatedly confirmed and ratified the conduct of the plaintiffs' business, and that the town is chargeable with laches. The trial court found the issues for the defendants, and from the judgment rendered the plaintiffs have appealed to this court.

The plaintiffs make no attack on the very extensive findings of subordinate facts but assign error in the following conclusions of the trial court on the ground that the facts set forth in the finding do not support them: (1) The plaintiffs' use of the property was not a permissible nonconforming use under the zoning regulations. (2) The plaintiffs had an adequate remedy available to them either by way of administrative review or by appeal. (3) The plaintiffs could not avail themselves of the doctrine of estoppel. (4) The defendants were not chargeable with laches. (5) The defendants did not abandon the right to enforce the zoning regulations against the plaintiffs in their use of the premises. No error is assigned in the conclusion of the trial court that the plaintiffs were not engaged in the operation of a commercial garbage collection business prior to 1925.

The town of Darien, pursuant to the provisions of what is now § 8-1 of the General Statutes, adopted what is now chapter 124 of the General Statutes on June 15, 1953.[1] The general zoning enabling act and the Darien zoning regulations provide for a system of administrative appeal for a person who claims

[1] See Compilation of the Public and Special Acts of the General Assembly of the State of Connecticut Relating to the Town of Darien, and of the Ordinances, By-laws and Regulations of the Town of Darien (1956), p. 31.

aggrievement because of a decision of an official charged with the enforcement of the zoning regulations. Section 8-6 of the General Statutes provides that such a person may appeal to the zoning board of appeals "where it is alleged that there is an error in any order, requirement or decision made by the official charged with the enforcement of . . . [chapter 124] or any bylaw, ordinance or regulation adopted under the provisions of this chapter." Section 541.2 of the Darien zoning regulations provides in pertinent part: "On appeal from an order, requirement, decision or determination made by an administrative official . . . the Board of Appeals may decide any question involving the interpretation of any provision of these Regulations." The order of the Darien zoning enforcement officer that the plaintiffs desist from storing trucks on their property was, in effect, a determination that the plaintiffs did not have a valid nonconforming use. See Darien Zoning Regs. § 451 (1957).[2] Under the provisions of § 541.2 of the regulations, the plaintiffs could have appealed this determination to the zoning board of appeals and could have requested an interpretation of the regulations to determine whether they in fact had a nonconforming use. Since the plaintiffs failed to pursue their remedies under the regulations, the trial court decided that they had failed to exhaust their administrative remedies and refused to grant injunctive relief.

"We have frequently held that when a party has a statutory right of appeal from the decision of an

_____

[2] "[Darien Zoning Regs. § 451 (1957).] Except as otherwise provided in this section, the lawfully permitted use of land or buildings existing at the time of the adoption of these Regulations may be continued although such use does not conform to the standards specified by these Regulations for the zone in which such land or building is located. Such uses shall be deemed non-conforming uses."

administrative officer or agency, he may not, instead of appealing, bring an independent action to test the very issue which the appeal was designed to test. *McNish* v. *American Brass Co.,* 139 Conn. 44, 53, 89 A.2d 566; *State Water Commission* v. *Norwich,* 141 Conn. 442, 447, 107 A.2d 270." *Country Lands, Inc.* v. *Swinnerton,* 151 Conn. 27, 33, 193 A.2d 483; *Florentine* v. *Darien,* 142 Conn. 415, 431, 115 A.2d 328; 2 Rathkopf, Law of Zoning and Planning (3d Ed.), p. 35-10; 2 Yokley, Zoning Law and Practice (3d Ed.) § 18-11, p. 399; 8A McQuillin, Municipal Corporations (3d Ed. Rev.) § 25.283, p. 298. The plaintiffs urge, however, that this rule is not applicable in the instant case because their complaint raises the issues of estoppel, laches, abandonment and unconstitutionally discriminatory enforcement of the zoning regulations against them and because these issues are not susceptible of determination by a zoning board of appeals composed of laymen but can only be resolved in a judicial proceeding.

This is an action seeking equitable relief. It is true that the zoning board of appeals could determine whether the plaintiffs had a legal nonconforming use. The remaining claims of the plaintiffs, however, were not predicated upon a nonconforming use but involved an alleged course of conduct by the plaintiffs and various town officials over a period of approximately thirty-six years. The relief sought and the issues raised are distinctly equitable in nature. To hold that the plaintiffs had an adequate remedy at law which required that they exhaust their administrative remedies before the zoning board of appeals is to ignore the claims made and the nature of the action. "An adequate remedy at law is one which is specific and adapted to securing the relief sought conveniently, effectively and

completely. *State ex rel. Heimov* v. *Thomson*, 131 Conn. 8, 13, 37 A.2d 689; *Brainard* v. *West Hartford*, 140 Conn. 631, 635, 103 A.2d 135." *Pottetti* v. *Clifford*, 146 Conn. 252, 262, 150 A.2d 207. We conclude therefore that relief under the zoning regulations falls short of effectively, conveniently and directly determining whether the plaintiffs are entitled to the relief claimed.

The plaintiffs assign error in the conclusion of the trial court that they cannot avail themselves of the doctrine of estoppel in this case. They urge that, since "numerous town officials, all with authority, had expressly approved the location in question for the purpose of operating a garbage business," the town is now estopped from enforcing the regulations against them. There is nothing in the finding which indicates that any Darien town official, who was authorized to do so, expressly approved the storage of trucks on the plaintiffs' property in violation of the zoning ordinance. Furthermore, the court made no finding of substantial prejudice to the plaintiffs. The plaintiffs also assign error in the conclusion of the trial court that the defendants were not chargeable with laches. It is their contention that the failure of the town authorities to enforce the zoning regulations between 1929 and 1965 constitutes laches, and they urge the application of this doctrine if, under other counts of the complaint, they are not entitled to the application of the doctrine of estoppel. "An estoppel rests on the misleading conduct of one party which operates to the prejudice of another. *Franke* v. *Franke*, 140 Conn. 133, 139, 98 A.2d 804; *MacKay* v. *Aetna Life Ins. Co.*, 118 Conn. 538, 548, 173 A. 783." *Ackley* v. *Kenyon*, 152 Conn. 392, 397, 207 A.2d 265; see "The Connecticut Law of Zoning (Part A)," 41 Conn.

B.J. 262, 299. "Unreasonable delay, that is, laches *(Gage* v. *Schavoir,* 100 Conn. 652, 664, 125 A. 535), consists of two elements: 'First, there must have been a delay that was inexcusable, and, second, that delay must have prejudiced the . . . [party claiming it].' *Kurzatkowski* v. *Kurzatkowski,* 142 Conn. 680, 685, 116 A.2d 906." *Sarner* v. *Fox Hill, Inc.,* 151 Conn. 437, 444, 199 A.2d 6.

A zoning commission "is not estopped by laches from enforcing its zoning laws." *Wallingford* v. *Roberts,* 145 Conn. 682, 685, 146 A.2d 588; *Ackley* v. *Kenyon,* supra; see *Yonkers* v. *Rentways, Inc.,* 304 N.Y. 499, 505, 109 N.E.2d 597; *Magruder* v. *Redwood,* 203 Cal. 665, 675, 265 P. 806; 3 Rathkopf, Law of Zoning and Planning (3d Ed.), p. 67-2. It "is the general rule that the law of estoppel will not be applied to prevent a municipality from exercising its police power. *State* v. *Stonybrook, Inc.,* 149 Conn. 492, 501, 181 A.2d 601; 38 Am. Jur. 375, Municipal Corporations, § 688; note, 1 A.L.R.2d 338, 349; see *Pallman* v. *East Haven,* 135 Conn. 593, 594, 67 A.2d 650." *Ackley* v. *Kenyon,* supra; *Hebb* v. *Zoning Board of Appeals,* 150 Conn. 539, 542, 192 A.2d 206; see *Ferrante* v. *Board of Appeals,* 345 Mass. 158, 162, 186 N.E.2d 471; 3 Rathkopf, loc. cit. The conclusions of the trial court that the plaintiffs could not avail themselves of the doctrine of estoppel and that the defendants were not chargeable with laches cannot be disturbed.

The plaintiffs make the further claim that the town of Darien abandoned the provisions of its zoning regulations as they applied to the storage of trucks on their property. "Abandonment in this jurisdiction is a question of fact. *Richardson* v. *Tumbridge,* 111 Conn. 90, 93, 149 Atl. 241. It implies a voluntary and intentional renunciation.

'but the intent may be inferred as a fact from the surrounding circumstances.' *Newkirk* v. *Sherwood,* 89 Conn. 598, 605, 94 Atl. 982, 984." *Appeal of Phillips,* 113 Conn. 40, 46, 154 A. 238. Since, however, the conclusion of intention is an inference of fact, it "is not reviewable unless it was one which the trier could not reasonably make." *Finlay* v. *Swirsky,* 98 Conn. 666, 671, 120 A. 561; *Hess* v. *Dumouchel Paper Co.,* 154 Conn. 343, 349, 225 A.2d 797.

The plaintiffs rely on the following findings of fact to support their claim of abandonment: (1) Since 1941 the town of Darien has required all garbage trucks, whether located within or without the town, to be licensed in order to use the town dump. (2) The director of health annually inspects all garbage trucks in connection with the issuance of a permit by the building inspector. (3) Tax bills for the trucks as personal property are sent to their owners. (4) At various times contracts were let to the plaintiffs for the collection of garbage at various schools in the town. (5) The existence of the plaintiffs' business was known to various town officials over a long period of time. There is, however, no necessary connection between the mailing address of the licensee and the actual location of the business. Anyone may receive a license to utilize the town facilities at the dump upon the payment of a fee and the presentation of satisfactory evidence to the health officer that the truck is properly equipped and in proper repair to carry garbage. If we assume, without in any way deciding, that the plaintiffs' claim of abandonment by the individual inaction of enforcement officers could, on any set of facts, be established, it is clear that the foregoing facts do not require a conclusion by the trial court

that the zoning officials abandoned the provisions of the zoning regulations as they applied to the plaintiffs. See 62 C.J.S. 669, Municipal Corporations, § 319 (c).

The plaintiffs urge that the successive reenactments of the Darien zoning regulations subsequent to the date on which the storage of garbage trucks on the property commenced transformed the plaintiffs' use into a valid nonconforming use. The findings indicate that the earliest possible date on which a garbage truck was stored on the Bianco property was sometime in 1929. Section 15 (c) of the 1925 Darien zoning regulations defined a nonconforming use as "one that does not conform with the applicable regulations of the zone in which it is situated." Since § 5 of the same regulations provided that "[a]ny non-conforming use existing at the time of the passage of these regulations may be continued," it is clear that the storage of trucks on the plaintiffs' property could not constitute a valid nonconforming use under the 1925 regulations. The same regulations were reenacted, with certain revisions, in 1932, 1937, 1942, 1946, 1954 and 1957.[3] The changes in phraseology made in the 1957 revision of the regulations did not significantly modify the language appearing in the earlier revisions or alter its meaning. See Darien Zoning Regs. §§ 220.39, 451 (1957). "Where . . . a use [is] commenced in violation of an ordinance which is repealed by another ordinance containing the same restrictions against . . . the use, and also containing a provision that the existing uses of all buildings which complied with the repealed ordinance should be unaffected,

---

[3] These are the only revisions which are germane to these proceedings. The relevant portions of the 1925 regulations concerning nonconforming uses remained unchanged until the 1957 revision.

the restrictions of the new ordinance apply to . . . the use, and it is not entitled to the status of a legal nonconforming use. *Troutman* v. *Aiken,* 213 Ga. 55, 56, 96 S.E.2d 585; *Leigh* v. *Wichita,* 148 Kan. 607, 613, 83 P.2d 644; *Rapasadi* v. *Phillips,* 2 App. Div. 2d 451, 453, 156 N.Y.S.2d 746; 8 McQuillin, Municipal Corporations (3d Ed.) § 25.186; see *Adley* v. *Paier,* 148 Conn. 84, 86, 167 A.2d 449. Any contrary rule would impute an intent in a new municipal code or ordinance to legalize every violation of the provisions of a previous code or ordinance even though those provisions had been carried over without substantial change. See *Rapasadi* v. *Phillips,* supra. The mere statement of such a proposition demonstrates its absurdity. It is not the law. Rhyne, Municipal Law, p. 234 § 9-7, p. 236 § 9.9." *State* v. *Stonybrook, Inc.,* 149 Conn. 492, 499, 181 A.2d 601. The successive reenactments, thus, do not validate the plaintiffs' use. A different result would not be logical, nor would it be consistent with the expressed policy of the Darien zoning regulations that nonconforming uses be reduced to conformity as expeditiously as possible. Darien Zoning Regs. § 5 (1932), § 450 (1957); see *Kleinsmith* v. *Planning & Zoning Commission,* 157 Conn. 303, 314, 254 A.2d 486; *Beerwort* v. *Zoning Board of Appeals,* 144 Conn. 731, 733, 137 A.2d 756.

The plaintiffs also urge that the town's failure to enforce its zoning regulations against other zoning violations existing on Wakemore Street, while enforcing the regulations against the plaintiffs, constituted a violation of the plaintiffs' right to equal protection under the law. "Mere laxity in the administration of the law, no matter how long continued, is not and cannot be held to be a denial of the equal protection of the law. To establish arbi-

trary discrimination inimical to constitutional equality, there must be something more, something which in effect amounts to an intentional violation of the essential principle of practical uniformity." 16 Am. Jur. 2d, Constitutional Law, § 541; see *Snowden* v. *Hughes,* 321 U.S. 1, 8, 64 S. Ct. 397, 88 L. Ed. 497; *Mackay Telegraph & Cable Co.* v. *Little Rock,* 250 U.S. 94, 100, 39 S. Ct. 428, 63 L. Ed. 863; *Yick Wo* v. *Hopkins,* 118 U.S. 356, 373, 6 S. Ct. 1064, 30 L. Ed. 220; 1 Yokley, Zoning Law and Practice (3d Ed.) § 10-8, and cases cited. For the plaintiffs to prevail, they must "show a pattern of discrimination consciously practiced." *People* v. *Friedman,* 302 N.Y. 75, 81, 96 N.E.2d 184, appeal dismissed, 341 U.S. 907, 71 S. Ct. 623, 95 L. Ed. 1345; *Snowden* v. *Hughes,* supra.; *People* v. *Utica Daw's Drug Co.,* 16 App. Div. 2d 12, 19, 225 N.Y.S.2d 128.

In support of their position, the plaintiffs rely on the finding by the trial court that all of Wakemore Street is in violation of one or more of the building and zoning regulations of the town of Darien. This claim falls far short of demonstrating a "pattern of discrimination consciously practiced." The plaintiffs have not shown the nature of these other violations. Nor have they shown that there are violations of the regulations relating to the storage of trucks in a residence zone on any other properties on Wakemore Street. The plaintiffs' claim is without merit.

There was error in the conclusion of the trial court so far as it held that the plaintiffs had an adequate remedy available to them by way of either an administrative review or an appeal. The judgment of the trial court wherein it found the issues for the defendants, however, was correct.

There is no error.

In this opinion the other judges concurred.