This is an appeal by the plaintiff claiming that the trial court erred in rendering judgment for the defendants in an action brought for forcible *Page 397 
entry and detainer and for conversion of her personal property. The plaintiff also sought the return of a security deposit.[1] The trial court found the following facts: The plaintiff leased an apartment from the defendants on a month to month basis. She notified the defendants by letter dated March 2, 1979, that she was vacating the premises as of April 8, 1979, and would return the keys on April 9. The parties agreed that the plaintiff would pay the full rent for the month of April, and a check for this amount was later tendered and accepted. The plaintiff removed her furniture on April 7 and returned the apartment keys on April 9.
The plaintiff claims that the facts do not support the inference that she intended to abandon the apartment before the end of the month of April, that the evidence does not support the conclusion that she surrendered the keys to the apartment and that the court was in error in placing the burden of proving that she did not abandon the apartment and its remaining contents on her. On the contrary, the plaintiff contends that the rent was paid for the month of April, that personalty was left on the premises and that she retained a key to the apartment, all of which support the conclusion that she did not abandon the premises.
The evidence before the court could reasonably lead to the conclusion that the rent was paid for the month because the plaintiff was not leaving the apartment until a week or more after the month began. The plaintiff was told that if she were to occupy the premises during any portion of April she would be responsible for the full monthly rent. She agreed and paid the rent. After the plaintiff's furniture was removed, the successor tenants admitted finding some articles of personalty in the apartment. They disposed of these items in the belief that they were *Page 398 
abandoned. Since no communication concerning these items was made to the defendants, the court could conclude that these items were abandoned.
We cannot reach the plaintiff's claim that she retained a key to the apartment, however, since there was no key among the exhibits at trial and this court cannot on appeal accept into evidence items not presented at the trial. Furthermore, in light of the evidence adduced at trial and the facts found by the trial court, the mere retention of a key was not conclusive evidence of an intention not to surrender the premises.
The final claim by the plaintiff is that the court erroneously placed upon her the burden of proving that she did not abandon the premises or remove personal property which she had previously abandoned. This claim is based upon her contention that the special defense pleaded by the defendants went beyond that allowed under Practice Book 164,[2]
thereby shifting the burden of proving that she did not abandon the premises to her.
As the plaintiff correctly notes, the defendants' special defense did allege that the plaintiff "went to the subject premises and physically removed the personal property which she had abandoned, initially." It is also true that nothing in the record indicated that the defendants proved such an allegation. Despite these observations, however, the plaintiff cannot *Page 399 
prevail because the special defense is a portion of the case not reached by the trial court in its decision.[3] The court could reasonably have found that the letter sent by the plaintiff to the defendants announcing her intent to permanently leave the premises, coupled with the fact that the keys were returned and professional movers took her furniture from the apartment in accordance with the terms of the letter, constituted an abandonment of the premises. These facts can be logically interpreted as a voluntary and intentional renunciation of the plaintiff's claim to the leased premises. Bianco v. Darien,157 Conn. 548, 556-57, 254 A.2d 898 (1969).[4]
 There is no error.
In this opinion DALY and COVELLO, Js., concurred.