[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS (#119) CT Page 424
On December 4, 1990, Mr. and Mrs. Robert Ernst (hereinafter plaintiffs) filed a writ, summons and seven count complaint against numerous defendants. The action arose out of a contract to construct a condominium in Stamford. The following facts were alleged in the plaintiffs' revised complaint filed February 26, 1992: On or about August 7, 1989, plaintiffs entered into an agreement of sale to purchase a condominium at Sterling Lake in Stamford, Connecticut. Plaintiffs moved into the condominium shortly after its completion. Plaintiffs claim that the condominium was not built according to the representations made by sellers, and relied on by plaintiffs, regarding the quality of its construction. Plaintiffs further claim that the construction was done in a negligent and careless manner. The motion to dismiss presently before the court is directed only to the seventh count.
The seventh count is alleged against Michael D. Macri (hereinafter defendant), the Chief Building Officer of the City of Stamford. Plaintiffs claim defendant "acted in a careless and negligent manner in that he approved and issued a Certificate of Occupancy for work performed at the condominium that did not conform to the design and plans submitted to the Office of Building Official, nor the specifications and provisions of the [Local and State] Building Codes, and failed to inspect and approve significant architectural revisions which occurred after the building permit was issued." Rev. Complaint, 16. As a result of the alleged negligence and carelessness of defendant, plaintiffs ask for money damages as well as all other appropriate relief.
Defendant filed an answer and special defense to plaintiffs' original complaint on January 17, 1991. The special defense alleges "Governmental Immunity". On August 12, 1992, defendant filed a motion to dismiss count seven of plaintiffs' complaint; a supporting memorandum of law was included. In the motion, defendant claims plaintiffs failed to exhaust their administrative remedies and, therefore, the Superior Court is without subject matter jurisdiction. Defendant filed an amended memorandum of law in support of his motion to dismiss on August 14, 1992. Plaintiffs filed a memorandum of law in opposition to the motion on August 31, 1992, the date oral argument was heard at short calendar.
A motion to dismiss "tests, inter alia, whether on the face CT Page 425 of the record, the court is without jurisdiction." Upson v. State,190 Conn. 622, 624, 461 A.2d 911 (1983). "[I]f the face of the record indicates that the court is without jurisdiction, the complaint must be dismissed." Id., 626. The grounds which may be asserted in this motion are: (1) lack of jurisdiction over the subject matter; (2) lack of jurisdiction over the person; (3) improper venue; (4) insufficiency of process; and (5) insufficiency of service of process." Zizka v. Water Pollution Control Authority, 195 Conn. 682, 687, 490 A.2d 509 (1985); Practice Book 143.
"It is a settled principle of administrative law that, if an adequate administrative remedy exists, it must be exhausted before the superior court will obtain jurisdiction to act in the matter" (Citations omitted.) LaCroix v. Board of Education, 199 Conn. 70,83-84, 505 A.2d 1233 (1986). "[B]ecause the exhaustion doctrine implicates subject matter jurisdiction, we must decide as a threshold matter whether that doctrine requires dismissal of the [plaintiffs'] claim" (Citations omitted.) Housing Authority v. Papandrea, 222 Conn. 414, 420, ___ A.2d ___ (1982).
In defendant's memorandum of law in support of his motion, he claims the Superior Court lacks subject matter jurisdiction because plaintiffs have failed to exhaust their administrative remedies. He claims that count seven of plaintiffs' complaint concerns defendant's decision to issue a building permit for the construction of the condominium. Defendant further claims that General Statutes 29-266 provides for an appeal process and that plaintiffs failed to follow such process.
In their memorandum in opposition to the motion to dismiss, plaintiffs classify their claim against defendant as one resulting from the negligence and carelessness of defendant in issuing a Certificate of Occupancy. Plaintiffs allege that an exception to the exhaustion doctrine exists where the administrative remedy would be inadequate and futile. Further, plaintiffs claim that the only administrative remedy available would be a revocation of the Certificate of Occupancy. They contend that such a remedy would be inadequate as they are claiming damages resulting from defendant's negligent issuance of the Certificate.
The statute dealing with the issuance of a Certificate of Occupancy is General Statutes 29-265. It states that:
no building or structure erected or altered in any CT Page 426 municipality after October 1, 1970, shall be occupied or used, in whole or in part, until a certificate of occupancy has been issued by the building official, certifying that such building or structure substantially conforms to the provisions of the state building code and the regulations lawfully adopted thereunder.
General Statutes 29-265. The defendant claims that an administrative remedy, spelled out in the General Statutes, exists to handle the plaintiffs' complaint and that such remedy was not exhausted by plaintiffs. The statute relied on states that:
 [w]hen the building official rejects or refuses to approve the mode or manner of construction proposed to be followed or the materials to be used in the erection or alteration of a building or structure, or when it is claimed that the provisions of the code do not apply or that an equally good or more desirable form of construction can be employed in a specific case, or when it is claimed that the true intent and meaning of the code and regulations have been misconstrued or wrongly interpreted, the permit, in whole or in part, having been refused by the building official, the owner of such building or structure, whether already erected or to be erected . . . may appeal in writing . . . to the board of appeals (emphasis added).
General Statutes 29-266(b). The statute further states that "[w]hen a person other than such owner claims to be aggrieved by any decision of the building official, such person . . . may appeal, in writing, . . . to the board of appeals. . ." (emphasis added). Id.
On its face, this statute, relied on by the defendant, deals not with administrative appeal procedures with regard to certificates of occupancy but instead with regard to building permits. See Sullivan v. Salem, 805 F.2d 81, 86 (2d Cir. 1986) (In dicta, the court noted that Section 29-266 provides for review of certain decisions of building officials but its terms do not appear to cover a situation where an owner was dissatisfied with denial of a certificate of occupancy). Further, 29-266 applies when a permit is refused. Thus, even assuming the statute applies to certificates of occupancy as well as building permits, the statute on its face does not apply where, as here, the building inspector issued the certificate. CT Page 427
Alternatively, assuming arguendo that the statute does apply to the case at bar, the court must address the doctrine of exhaustion. "The doctrine of exhaustion is grounded in a policy of fostering an orderly process of administrative adjudication and judicial review in which a reviewing court will have the benefit of the agency's findings and conclusions." (Citations omitted.) Concerned Citizens of Sterling, 204 Conn. 551, 557, 529 A.2d 666
(1987). "It relieves courts of the burden of prematurely deciding questions that, entrusted to an agency, may receive a satisfactory administrative disposition and avoid the need for judicial review." (Citations omitted.) Cannata v. Dept. of Environmental Protection, Supra, 625.
"We have long adhered to the rule that, where a statutory right of appeal from an administrative decision exists, an aggrieved party may not bypass the statutory procedure and instead bring an independent action to test the very issue which the appeal was designed to test." (Citations omitted.) LaCroix v. Board of Education, Supra, 78. "Notions of administrative autonomy require that the agency be given a chance to discover and correct its own errors. It is possible that frequent and deliberate flouting of administrative processes could weaken the effectiveness of an agency by encouraging people to ignore its procedures." (Citations omitted.) Cannata v. Dept. of Environmental Protection, Supra, 625.
"[The Connecticut Supreme Court] has repeatedly affirmed the principle that when an adequate administrative remedy is provided by law, it should be exhausted." (Citations omitted.) Greenwich v. Liquor Control Commission, 191 Conn. 528, 541, 469 A.2d 382
(1983). However, "a strong justification may exist for creating an exception to requiring submission to the administrative process." (Citations omitted.) Id., 542. "We have recognized several exceptions [to the exhaustion doctrine] including one that a party need not exhaust an inadequate or futile administrative remedy." (Citations omitted.) Id., 541-542. But cf. LaCroix v. Board of Education, supra, (the exceptions to the doctrine of exhaustion are narrowly defined and recognized infrequently). "[T]he impossibility or improbability of obtaining adequate relief by pursuing administrative remedies is often a reason for dispensing with the administrative requirement." (Citations omitted.) Greenwich v. Liquor Control Commission, Supra, 541. "An adequate remedy at law is one which is specific and adapted to securing the relief sought conveniently, effectively and completely." Bianco v. Darien, 157 Conn. 548, 554, 254 A.2d 898 (1969). CT Page 428
"The law does not require the doing of a useless thing. A remedy need not be exhausted if to do so would be a futile gesture." (Citations omitted.) Greenwich v. Liquor Control Commission, Supra, 542. "In our cases we have held that futility is more than a mere allegation that the administrative agency might not grant the relief requested." Concerned Citizens of Sterling v. Sterling, Supra, 560; Housing Authority v. Papandrea, 222 Conn. 414,424, ___ A.2d ___ (1992). "An administrative remedy is futile or inadequate if the agency is without the authority to grant the requested relief." Cannata v. Dept. of Environmental Protection, Supra, 628. "In most instances, we have held that the failure to exhaust an administrative remedy is permissible only when the administrative remedy would be useless." Concerned Citizens of Sterling v. Sterling, Supra, 560.
The administrative remedy outlined in General Statutes 29-266
is not an adequate means of redress under the facts in the case at bar. On appeal from a building official's decision, the Appeal Board and, if need be, the Codes and Standards Committee have the power to revoke or issue a building permit in certain situations. General Statutes 29-266(b). The statute does not confer on either entity the power to find a building official personally liable for the negligent issuance of a certificate of occupancy. General Statutes 29-266. Further, these entities cannot render an award of damages for such negligence. Id. Assuming arguendo that the statute applies to certificates of occupancy as well as building permits, even a successful appeal by the plaintiffs would, at best, result in the revocation of the certificate of occupancy. Such a remedy is useless and wholly inadequate in this case. This is not to say that one may bypass the administrative remedy simply by claiming money damages or other relief not available in such a proceeding. However, under the facts in the case at bar, a finding by the administrative body that the certificate of occupancy was wrongly issued would put the plaintiffs in no better position and would force them to bring an action in the Superior Court seeking damages for such wrongful issuance.
A finding by the Appeal Board or the Codes and Standards Committee of whether the certificate was properly issued would aid the Superior Court in a subsequent hearing on the issue. "[I]t is normally desirable to let the agency develop the necessary factual background upon which decisions should be based." Cannata v. Dept. of Environmental Protection, Supra, 627. "[S]ince agency decisions are frequently of a discretionary nature or require expertise, the CT Page 429 agency should be given the first chance to exercise that discretion or to apply that expertise." (Citations omitted.) Id. Nevertheless, to require the plaintiffs to follow the administrative remedy outlined in General Statutes 29-266 would be an exercise in futility.
Based on the foregoing, General Statutes 29-226 does not apply to the facts of the case at bar, but assuming arguendo that the statute does apply, the administrative remedy contained in29-266 is virtually useless to the plaintiffs. Therefore, the defendant's motion to dismiss for failure to exhaust administrative remedies is denied.
SYLVESTER, J.