[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, R R Pool Home, Inc., Stephen J. Kerekes, Jr. and Betty S. Kerekes, and O.H. Stark and Betty W. Stark, appeal the decision by the Zoning Board of Appeals of the Town of Ridgefield upholding the issuance of a cease and desist order by the zoning enforcement officer against them. The complaint alleges that plaintiffs own the premises which is the subject of the present appeal.
Before the court is the plaintiffs' motion to introduce additional evidence in support of their claim of selective enforcement of the Ridgefield Zoning Regulations. The plaintiffs CT Page 3375 assert that prior to the adoption of certain zoning regulations in the Town of Ridgefield, their store premises was avenue for the retail sale and outdoor display of merchandise. Plaintiffs contend that on January 8, 1992, they applied to the Town to maintain an outdoor display on the premises, which was subsequently denied. Thereafter, they filed a request for a variance which after public hearing on the issue was also denied and is the subject of a separate appeal. Plaintiffs plead that on March 23, 1992, the Zoning Enforcement Officer of the Town issued a cease and desist order alleging that the plaintiffs violated certain Town regulations.[1] Plaintiffs state that they appealed the issuance of the cease and desist order to the Board which subsequently denied plaintiffs' appeal. This lawsuit followed in which plaintiffs claim that the actions of the Zoning Enforcement Officer and the decision of the Board were arbitrary, illegal, and an abuse of discretion in that the Board, the Zoning Enforcement Officer and the Ridgefield Planning Director have engaged in a pattern of selective enforcement of various Ridgefield Zoning Regulations.
On February 4, 1994, plaintiffs filed a motion to introduce additional evidence with regard to their claim of selective enforcement.
Connecticut General Statutes, Sec. 8-8(k) provides, in part:
 The court shall review the proceedings of the board and shall allow any party to introduce evidence in addition to the contents of the record if (1) the record does not contain a complete transcript of the entire proceedings before the board, including all evidence presented to it, pursuant to section 8-7a, or (2) it appears to the court that additional testimony is necessary for the equitable disposition of the appeal.
Despite the broad language of section 8-8(k), case law discourages de novo appeals in which the court retries the matter which the Board heard. Typically, where evidence has been allowed to be introduced in an administrative appeal from the doings of a zoning board, it has been limited to evidence which would not be of record, e.g., replication of evidence where the record has been lost or cases involving claims of predetermination or corruption.
Whether evidence is necessary for the equitable disposition of an appeal lies within the court's discretion. Troiano v. CT Page 3376 Zoning Commission, 155 Conn. 265, 268, 231 A.2d 536 (1967).
Plaintiffs argue that evidence outside the record is necessary to determine whether the municipality and/or the Board engaged in a pattern of discrimination and selective enforcement which would amount to a denial of equal protection of the laws. Plaintiffs offer of proof on this issue includes evidence that fifty other similar properties allegedly maintain outdoor displays regularly, but do not suffer cease and desist orders similar to the one appealed from.
Conversely, the Board maintains that additional evidence beyond that found in the administrative record should be permitted only in extraordinary circumstances, and that plaintiffs have failed to show that extraordinary circumstances exist which would allow for the introduction of additional evidence.
In Bianco v. Darien, 157 Conn. 548, 254 A.2d 898 (1969), the plaintiffs operated a private garbage collection business on a parcel of land on Wakemore Street, located in Darien, Connecticut. Id., 550. The refuse collection business commenced in 1929, with trucks being stored on the premises since 1932. The town of Darien first adopted its zoning regulations in 1925, and since that year the plaintiffs' property was encompassed in a residential zone where the storage of trucks was not a permitted use. In July, 1965, and in response to a written complaint, the building and zoning inspector of the town informed the plaintiffs of their unpermitted use and were given two months to comply with an order to desist from storing trucks on the property. The plaintiffs subsequently sought an injunction restraining the town from interfering with the operation of their garbage collection business and their truck storage on the premises, alleging, inter alia, that the "town's failure to enforce its zoning regulations against other zoning violations existing on Wakemore Street, while enforcing the regulations against the plaintiffs, constituted a violation of the plaintiffs' right to equal protection under the law."
The court in Bianco adopted the following view:
 `Mere laxity in the administration of the law, no matter how long continued, is not and cannot be held to be a denial of the equal protection of the law. To establish arbitrary discrimination inimical to constitutional equality, there must be something more, something CT Page 3377 which in effect amounts to an intentional violation of the essential principle of practical uniformity.'
(Citations omitted) Id., 559-560. The court continued, stating that "[f]or the plaintiffs to prevail, they must `show a pattern of discrimination consciously practiced.' (Citations omitted.) Id. In affirming the trial court's denial of the injunction, the court in Bianco stated:
 [T]he plaintiffs rely on the finding by the trial court that all of Wakemore Street is in violation of one or more of the building and zoning regulations of the town of Darien. This claim falls far short of demonstrating a `pattern of discrimination consciously practiced.' The plaintiffs have not shown the nature of these other violations. Nor have they shown that there are violations of the regulations relating to the storage of trucks in a residence zone on any other properties on Wakemore Street.
Id., 560.
In the present case, plaintiffs have alleged in their complaint that the Board refused to consider that "outdoor displays and other outdoor uses exist on many other properties in the Town of Ridgefield including those on Danbury Road, within the same zone as the subject premises and at various other locations in the Town of Ridgefield." (Plaintiffs' complaint, para. 21(D)(3), dated June 26, 1992.) Plaintiffs further allege that "the Board . . . and agents of the Town of Ridgefield have engaged in a pattern of conscious discrimination in the selective administration and enforcement of regulations and procedures in their treatment of outdoor displays and other outdoor uses, which are permitted to exist on other properties without regard to the zoning regulations of the Town of Ridgefield." (Plaintiffs' complaint, para. 21(F), dated June 26, 1992.) The plaintiffs in Bianco, supra, the plaintiffs in the present case seek to introduce evidence identifying other alleged violators of the town's regulations, along with the nature of their violations. According to the plaintiffs, this evidence is needed in order to substantiate their claim of the selective enforcement of the zoning regulations. Courts in other states have found that enforcement of zoning ordinances where two similarly situated parcels were treated differently constituted unreasonable and arbitrary action. See Kisil v. City of Sandusky, 12 Ohio St.3d 30,465 N.E.2d 848 (1984) (denial of variance to convert residence to duplex was arbitrary in light of the neighboring CT Page 3378 area containing duplexes existing on lots of insufficient size and nearby lot recently being granted a variance); Village of Columbiana v. Keister, 5 Ohio App.3d 81, 449 N.E. 3d 465 (1981) (village enforcement of an ordinance excluding trailers was selectively enforced against defendants, where other trailers were permitted without interference by the municipality); Tamarac Inn, Incorporated v. City of Long Lake, 310 N.W.2d 474 (1981) (denial of renewal of existing liquor license was viewed as arbitrary where the violations were no more serious than those at other similarly situated establishments not denied renewal); Swann v. City of Graysville, 367 So.2d 952 (1979) (applying ordinance differently to those similarly situated is a denial of equal protection).
To the extent that the Bianco rule requires a "pattern of discrimination consciously practiced," the court notes that the plaintiff pleads just such a Bianco violation in its complaint and further alleges that the Board refused to permit evidence of outdoor retail display and uses at the hearing.
The court grants the plaintiffs' motion to introduce evidence limited to this selective enforcement issue, finding it necessary to the equitable disposition of the plaintiffs' appeal.
Flynn, J.