[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS #107
The two key issues in deciding this motion are whether or not the absence of Anthem implicates subject matter jurisdiction, and, if not, whether subject matter jurisdiction is still lost due to failure to exhaust administrative remedies or the lack of primary jurisdiction.
The plaintiff has convinced this court that Connecticut General Statutes § 33-1158 authorizes the continuance of this action. In the absence of any definitive legislative history or interpretative case law to inform the court, the court must look to the plain meaning of the words used in the statute. What the general assembly has said and not what it intended to say is controlling. The language of § 1158 is not restrictive. It is broad enough to include the factual scenario here. When a merger takes effect subsection (2) provides that the surviving CT Page 12250 corporation has all liabilities of each corporation to the merger. Subsection (4), very much in point, provides that a proceeding against any corporation party to the merger may be continued as if the merger did not occur or the surviving corporation may be substituted in the proceeding for the corporation whose existence has ceased. This is the situation at hand. Subsection (4) reaches it without straining the import of its words. The defendant's argument is flawed in that it argues that § 1158 "does not suggest that relief can be awarded against an entity which was never made a party to the litigation. This is precisely what § 1158 suggests. Otherwise, the provision that the surviving corporation may be substituted in the proceeding would be meaningless.
Section 1158, however, is not self-executing. This action remains vulnerable to a motion to strike for failure to include Anthem as an indispensable party, an issue which does not implicate subject matter jurisdiction and cannot defeat this action. See Practice Book Sections 100, 152 and 198.
As to the second issue, DOI has very limited authority and involvement under Connecticut General Statutes § 38a-132
which does not reach the myriad of substantive issues raised in each count of the amended complaint. Neither party has cited any Connecticut case law directly in point. The court finds the reasoning of other jurisdictions on the same issue to be persuasive. See Doyle v. Union Insurance Company, 202 Neb. 599,277 N.W.2d 36 (1979), and Drain v. Covenant Life Insurance Company,
454 PA. Super. 143, 685 A.2d 119 (1996).
No administrative remedy exists to be exhausted. Our own caselaw makes it clear that an inadequate administrative remedy does not require the exhaustion of administrative remedies.Cannata v. Department of Environmental Protection, 215 Conn. 616
(1996). Rowen v. LeMars Mutual Insurance Company of Iowa,
236 N.W.2d 905 (1975). Nor does DOI have jurisdiction over equitable matters. Bianco v. Darien, 157 Conn. 548 (1969).
Moreover the doctrine of primary jurisdiction does not apply because the substantive noninsurance claims of the plaintiffs are outside the scope of DOI inquiry in the first instance.
The mootness issue raised under Sawyer v. Pioneer MillCompany, 300 F.2d 200 (9th Cir. 1962) is overcome by virtue of the amended complaint. CT Page 12251
As to standing, it is no more than a colorable claim without regard to its merits. Maloney v. PAC, 183 Conn. 313, 321, n. 6,439 A.2d 349 (1981). As stockholders or voting members the plaintiffs have crossed the threshold by alleging at least a diminution or dilution of their personal proprietary interests. Whatever the attorney general may do to protect the public interest bears no relation to the private interests which the plaintiffs seek to vindicate. This is particularly so in the event no public interest attaches to the disputed Blue Cross units.
Motion Denied.
Joseph A. Licari, Jr. Superior Court Judge