RALPH ADLEY ET AL. *v.* EDWARD T. PAIER ET AL.

BALDWIN, C. J., KING, MURPHY, MELLITZ and SHEA, Js.

Argued December 8, 1960—decided January 24, 1961

*T. Holmes Bracken,* for the appellant (defendant Adele K. Paier), with whom was *Nathan A. Resnik,* for the appellant (defendant Edward T. Paier).

*Dennis N. Garvey,* with whom were *Richard P. Sperandeo* and *Josef A. Weinstein,* for the appellees (plaintiffs).

MURPHY, J. The defendants are the owners of premises, at 6 Prospect Court in Hamden, which they purchased in 1957. Since September, 1957, they have conducted, in the building on this property, an art school as a permitted use in a residential zone. Hamden Zoning Regs. §§ 4, 34.1.11 (1930, as amended). On March 18, 1958, they purchased a vacant lot immediately adjoining the school on the east. It has a frontage of about ninety-one feet on Prospect Court. After its acquisition, it was used to a limited extent for the parking of automobiles, and since September, 1958, about twenty-five cars of faculty and students have been accommodated on it. The home of the named plaintiff and his wife is on property adjoining the lot on the east. The other plaintiffs are the owners and occupants of other homes in the immediate neighborhood. Upon application of the plaintiffs, the Superior Court enjoined the defendants from using the lot as a parking area for motor vehicles in violation of the zoning regulations of Hamden. The defendants have appealed.

The zoning regulations of Hamden are of the permissive type. The property of the defendants is in a residential zone for single-family dwellings; educational institutions are permitted, together with incidental accessory uses located upon the same lot. Hamden Zoning Regs. § 4 (3), (8) (1930, as amended). The defendants contend that provision

for the parking of automobiles of students and faculty is customarily incidental to the operation of a school like that of the defendants and that therefore the use of the lot for such a purpose is a permissible accessory use. If we assume, without deciding, that such parking could be an accessory use under the Hamden zoning regulations, it could only be so if it was on the same lot as the principal use. The facts in this case do not permit us to conclude that it was. The subdivision map of the area shows that the lot was laid out as a part of the lot upon which the Adley home is located. The school property and the parking lot were acquired by the defendants at different times and by separate deeds. The contract of sale of the lot describes it as a building lot, separate and distinct from the dwelling house and property adjoining it. Parking on the lot could not legally constitute an accessory use to the property next door.

Another contention of the defendants is that the use of the lot for parking purposes is a nonconforming one, antedating the amendment of § 4 (3) of the zoning regulations on July 29, 1958. The effect of the amendment was to require approval by the town plan and zoning commission of the use of off-street parking facilities by educational institutions. Hamden Zoning Regs. §§ 4 (3), 34.1.11 (1930, as amended). The claim is more ingenious than substantial. It is so that cars were being parked on the lot before the amendment was adopted, but such a use would not be a permissible nonconforming use unless the lot had been used for the purpose when the zoning regulations were adopted in 1930. *Fairlawns Cemetery Assn., Inc.* v. *Zoning Commission,* 138 Conn. 434, 443, 86 A.2d 74; Hamden Zoning Regs. § 20. The record is clear that the lot had not

been used for parking prior to the defendants' purchase of it on March 18, 1958. Its use for parking was a violation of the law and was properly enjoined. Since this conclusion sustains the judgment of the trial court and disposes of the appeal, we need not discuss the attack which the defendants have made upon the validity of the amendment adopted on July 29, 1958.

There is no error.

In this opinion the other judges concurred.