GAETANO GADA ET AL. *v.* ZONING BOARD OF APPEALS OF THE TOWN OF EAST LYME

KING, MURPHY, SHEA, ALCORN and COMLEY, Js.

Argued June 6—decided July 18, 1963

*A. A. Washton,* for the appellants (plaintiffs).

*Edmund W. O'Brien,* for the appellee (defendant).

MURPHY, J.  The plaintiffs own and operate a gasoline station and used-car business on property which they own on the north side of West Main Street in East Lyme.  The property also serves as a depot from which the plaintiffs distribute range and fuel oil by truck.  They also own, across the street, a vacant lot on which they park and store trucks and passenger cars.  This lot is in an R-3 residential zone, in which such uses are not permitted.  The plaintiffs appealed to the zoning board of appeals from the order of the zoning enforcement officer to cease and desist, by June 10, 1961, from storing motor vehicles on the lot.  The board affirmed the action of the zoning enforcement officer, and the plaintiffs appealed to the Court of Common Pleas, which rendered judgment in favor of the board.  This appeal is from that judgment.

The board found that fuel trucks used in the plaintiffs' business, as well as a pickup truck, a wrecked car and various passenger vehicles, had been parked on the vacant lot at different times.  The enforcement officer had seen vehicles there on fifteen or twenty occasions.  The plaintiffs admitted that they used the lot for parking but asserted that the only vehicle which was left there for any period of time was a wrecked car which the owner was supposed to remove.  The board also found that at

least one of the vehicles had been stored on the lot. The evidence justified the findings.

The zoning regulations in East Lyme are permissive in character. East Lyme Zoning Regs. §§ 4-8 (1960). Any use which is not specifically permitted is automatically excluded. § 2.2; *Park Regional Corporation* v. *Town Plan & Zoning Commission,* 144 Conn. 677, 682, 136 A.2d 785. No provision is made in the regulations for either the parking or the storing of motor vehicles on vacant lots in residence districts. It seems to be the plaintiffs' contention that inasmuch as § 4.2.9, dealing with accessory uses, does not prohibit the parking of motor vehicles as an accessory use in an R-3 district, nor the storage of commercial motor vehicles with a capacity of less than one and one-half tons, there can be no violation. We have no need to construe the regulation. It pertains to accessory uses which are on the same premises as a residential use. That is not the case here. The commercial enterprise across the street acquires no accessory uses in the vacant lot. *Adley* v. *Paier,* 148 Conn. 84, 86, 167 A.2d 449.

Although it is true that one of the purposes of zoning is to lessen congestion in the streets, as the plaintiffs rightfully state, it is also true that another equally important objective is to regulate the use of land for trade, industry, residence and other purposes. General Statutes § 8-2. In the absence of a regulation permitting the parking of automobiles on vacant lots in residential zones in East Lyme, the argument that the use of this lot relieves congestion in the streets carries no weight.

There is no error.

In this opinion the other judges concurred.