[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Stannard Beach Association, Inc., is CT Page 3258 incorporated as a political subdivision of the Town of Westbrook, Connecticut, by special act of the Connecticut State Legislature in 1947. Conn. Spec. Acts No. 526 (1947). The plaintiff, Stannard Beach Association, Inc., appeals from the decision of the defendant, Town of Westbrook Zoning Commission (hereinafter "Commission"), approving the defendant's DGG Properties Co., Inc. (hereinafter "DGG"), application for a site plan review for construction of a parking lot intended as an accessory use to DGG's existing business.
On July 28, 1992, DGG, property owner, filed an application for a site plan review for the construction of a gravel parking lot on property known as 1525 Boston Post Road, Westbrook, Connecticut. DGG's-proposed site plan specified the construction of thirty-one (31) parking spaces which would provide additional parking for DGG's existing business, a hotel and restaurant complex known as the Water's Edge Inn and Resort. On July 28, 1992, the same date DGG filed its application for a site plan review, a public hearing was held by the defendant, Commission, wherein the Commission reviewed and voted unanimously to approve DGG's site plan application with the added condition that DGG's site plan be modified to include a concrete sidewalk along the Boston Post Road border of the subject property. The Commission found that DGG's site plan was a permissible and "accessory" use of the subject property authorized by Westbrook Zoning Regulations Secs. 4.42.02 through 4.42.07. On August 11, 1992, the Commission's decision approving DGG's application for site plan review was published in the Pictorial Gazette.
On September 28, 1992, the plaintiff filed the present appeal with the superior court, pursuant to General Statutes Sec. 8-8. The plaintiff alleges that the Commission acted illegally, arbitrarily and in an abuse of its discretion for the following reason:
 a. That the proposed use for the subject property, i.e., a "parking lot", is not either a permitted use or is a use subject to site plan review under the provisions of the Westbrook zoning regulations in a CD District[;]
 b. [i]f the Defendant, DGG, INC.'S, proposed use of the premises as a "parking lot" CT Page 3259 was to be a use associated with premises owned by it westerly of Ripley Hill Road, and within 500 feet thereof, as is apparently allowed under the provisions of Section 10.01.01 of the Westbrook zoning regulations (said adjacent premises consisting of a restaurant greater than 5,000 square feet, a hotel/motel facility, and a "time-share" condominium development), then such use, if allowable, is subject to the special permit and site review requirements of Section 4.43.00 of the Westbrook zoning regulations, which requirements include prior notification to adjacent property owners, and public hearing and referral to Westbrook Planning Commission, were not followed or observed by the Defendant Commission[;]
 c. [t]he proposed use of the subject property by the Defendant, DGG, INC., is not a permitted use under the zoning regulations of the Plaintiff[;]
 d. [t]hat the proposed use by the Defendant, DGG, INC., will have an adverse effect on the property values of the property owners of Stannard Beach Association, Inc., especially those in proximity to the subject property[;]
 e. [t]hat the determination by the Commission in its Decision that the proposed use "conformed to the purposes of the Zoning Regulations and that it will not adversely affect the public health, safety, welfare or property values of the Town of Westbrook" is not supported by the underlying facts of the Defendant, DGG, INC.'s, application, or of the consideration with regard to which the Defendant Commission is required to apply in approving or denying such applications[; and] CT Page 3260
 f. [a]lthough the premises described in "Exhibit A" are located within a Coastal Area Management Zone, the Defendant, DGG, INC., did not file, and the Defendant, Zoning Commission of the Town of Westbrook, did not review, any such "Coastal Site Plan", as required under the provisions of Section 11 of the Westbrook zoning regulations.
Stannard Beach Association, Inc. also claims to have in effect Association zoning regulations in governing the subject premises in addition to the Westbrook Zoning Regulations. Conn. General Statutes Sec. 7-326 states
 At such meeting, the voters may establish a district for any or all of the following purposes: To extinguish fires, to light streets, to plant and care for shade and ornamental trees, to construct and maintain roads, sidewalks, crosswalks, drains and sewers, to appoint and employ watchmen or police officers, to acquire, construct, maintain and regulate the use of recreational facilities, to plan, lay out, acquire, construct, reconstruct, repair, maintain, supervise and manage a flood or erosion control system, to plan, lay out, acquire, construct, maintain, operate and regulate the use of a community water system, to collect garbage, ashes and all other refuse matter in any portion of such district and provide for the disposal of such matter, to establish a zoning commission and a zoning board of appeals or a planning commission, or both, by adoption of chapter 124 or chapter 126, excluding section 8-29, or both chapters, as the case may be, which commissions or board shall be dissolved upon adoption by the town of subdivision or zoning regulations by the town planning or zoning commission; and to adopt building regulations, which regulations shall be superseded upon adoption by the town of building regulations. Any district may contract with a town, city, borough or other district for CT Page 3261 carrying out any of the purposes for which such district was established.
Having no evidence before this court otherwise it would appear that the Zoning Regulations of the Stannard Beach Association, Inc., are abolished and superseded by the Westbrook Zoning Regulations.
General Statutes Sec. 8-8(b) provides that "any person aggrieved by any decision of a [Zoning Commission] may take an appeal to the superior court . . ." General Statutes Sec. 8-8(a)(1) provides in relevant part that "[i]n the case of a decision by a zoning commission, . . . `aggrieved person' includes any person owning land that abuts or is within a radius of one hundred feet of any portion of the land involved in the decision of the [commission]."
 Abutting landowners or landowners within a radius of one hundred feet of the land involved in any decision of the zoning board are considered automatically aggrieved and have standing to appeal a decision of a zoning board without having to prove aggrievement. See Point O'Woods Assn., Inc. v. Zoning Board of Appeals, 178 Conn. 364, 366, 423 A.2d 90 (1979).
Smith v. Planning and Zoning Board of Milford, 203 Conn. 317,321, 524 A.2d 1128 (1987).
On March 10, 1993, at the hearing before this court, the plaintiff presented evidence that it owned property, known as Avenue C, located in Westbrook, Connecticut, which adjoins the southern border of the subject property. That evidence together with the plaintiff's introduction into evidence of numerous property deeds establishes the plaintiff is the owner of property which adjoins the subject property. This court finds that the plaintiff is statutorily aggrieved pursuant to General Statutes Sec. 8-8(a)(1) and Sec. 8-8(b).
In hearing a decision of a zoning commission, the court may only determine whether the record reasonably supports the conclusions reached by the zoning commission. Burnham v. Planning and Zoning Commission, 189 Conn. 261, 265,455 A.2d 539 (1983). The court finds that the Commission CT Page 3262 acted within the parameters of its statutory authority, pursuant to General Statutes Secs. 8-1, 8-2 and 8-4a. On July 28, 1992, at a public hearing, the Commission reviewed DGG's application for a site plan review. The Commission exercised its discretion in approving DGG's application for a site plan review for the construction of an accessory parking lot, pursuant to the Westbrook Zoning Regulations Sec. 6.00.00, et seq.
However, the plaintiff argues that the court should sustain its present appeal on the following grounds: (1) that the proposed use of the subject property as a parking lot is not an accessory use subject to a site plan review; (2) that the proposed use of the subject property as a parking lot is not a permitted use under the Westbrook Zoning Regulations; (3) that the Commission failed to provide proper notice of its consideration of DGG's site plan review; and (4) that DGG failed to file a Coastal Area Management (CAM) site plan application.
1. Whether the proposed use of the subject property as a parking lot is an accessory use subject to a site plan review by the Commission.
Westbrook Zoning Regulations Sec. 4.42.00, et seq., enumerate the uses subject to site plan review in Commercial Districts. Westbrook Zoning Regulations Sec. 4.42.05 provides for site plan review of an "[a]ccessory use customary and incidental to any of the uses permitted in the Commercial District." Westbrook Zoning Regulations Sec. 2.40.04 defines "accessory use" [a] use located on the same lot with the principal use, and clearly incidental or subordinate to, and customary in connection with the principal use." Westbrook Zoning Regulations Sec. 10.01.01 provides in part that "[p]arking spaces as required shall be located on the same lot with the principal use or, in non-residential districts, within a five hundred (500) foot radius of any part of the property which they are intended to serve provided that the area is not located in a residential district."
In the present appeal, the subject property, which is zoned Commercial District, is part of the Water's Edge property, the principal use property. Further, DGG intends to use the subject property to provide additional parking to its already existing business in conformity with the Westbrook CT Page 3263 Zoning Regulations. As argued in DGG's brief, the use of the subject property for additional parking would bring the Water's Edge to within five (5) parking spaces as required for the existing buildings. This court finds that DGG's intended use of the subject property as a parking lot is an accessory use pursuant to the Westbrook Zoning Regulations Secs. 2.40.04 and 4.42.05 and as such, is subject to site plan review.
The plaintiff relies on the Connecticut Supreme Court decisions in Gada v. Zoning Board of Appeals of East Lyme, 151 Conn. 46, 193 A.2d 502 (1963) and Adley v. Paier,148 Conn. 84, 167 A.2d 449 (1961) in arguing that the accessory use of the subject property as a parking lot is impermissible.
This court finds that the decisions in Gada and Adley are factually distinguishable from the present appeal and as such, are not controlling. In both decisions, the court held that the accessory use of off-site parking was not permitted where, even though the main use property was located in a commercial district, the accessory use property was located in a residential district. Gada v. Zoning Board of Appeals of East Lyme, 151 Conn. 46, 193 A.2d 502 (1963) and Adley v. Paier, 148 Conn. 84, 167 A.2d 449 (1961).
In the present appeal, the main use property and the accessory use property are both part of the same estate located within a commercial district.
2. Whether the proposed use of the subject property as a parking lot is a permitted use under the Westbrook Zoning Regulations.
Westbrook Zoning Regulations Sec. 10.01.01 provides in part that "[p]arking spaces as required shall be located on the same lot with the principal use or, in non-residential districts, within a five hundred (500) foot radius of any part of the property which they are intended to serve provided that the area is not located in a residential district." The court finds that the proposed use of the subject property for additional parking for Water's Edge is a permitted use pursuant to Westbrook Zoning Regulations Sec. 10.01.01.
3. Lack of notice of a public hearing on DGG's application for a site plan review. CT Page 3264
As discussed earlier in this memorandum of decision, this court finds that DGG's application for a site plan review involves an accessory use of the subject premises. As such, DGG's application is properly the subject of a site plan review by the Commission. Westbrook Zoning Regulations Sec. 6.00.00, et seq., dealing with application for a site plan review, does not require giving notice to adjacent property owners of a pending application, as is required for a special permit application, pursuant to Westbrook Zoning Regulations Sec. 7.40.00, et seq.
4. Failure of DGG to file a CAM site plan application.
General Statutes Sec. 22a-105(a) provides in part that coastal municipalities, acting pursuant to the Coastal Management Act, General Statutes Sec. 22a-90, et seq., "shall undertake coastal site plan reviews in accordance with the requirements of this chapter[, Chapter 444]. The Town of Westbrook adopted the Coastal Management Act within the municipality's zoning regulations. Westbrook Zoning Regulations Sec. 11.00.01 provides for exceptions to the mandatory filing requirement for a costal site plan review, pursuant to General Statutes Sec. 22a-109(b). Westbrook Zoning Regulations Sec. 11.00.01 states in part that the following is exempt from coastal site plan review requirements:
 Minor changes in use of a building, structure or property except those changes occurring on property adjacent to or abutting coastal waters. A "minor change in use" means any use which is permitted by right under these regulations and which do not result in any addition or modification to the existing structures or to the existing off-street parking area or areas on the lot in excess of those allowed under Sec. 10.00.00 [(parking/loading zone requirements)].
This court finds that DGG's application for a site plan review involves only a minor change in the use of the subject property. Therefore, the Commission's action, in not requiring DGG to file an additional application for a coastal site plan review, was authorized pursuant to Westbrook Zoning CT Page 3265 Regulations Sec. 11.00.01(h).
Therefore, this court denies the plaintiff's appeal of the Commission's approval of DGG's application for a site plan review on the ground that the record, below, reasonably supports the Commission's findings and conclusions wherein the Commission did not act illegally, arbitrarily or in an abuse of its discretion.
JOHN F. WALSH, J.