[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an zoning appeal, filed pursuant to General Statutes by a number of property owners, who claim that the Norwalk Zoning Commission [hereinafter "Commission"] erred in its decision to approve a site plan submitted by Stew Leonard's Dairy [hereinafter "SLD"] regarding property located at 55 Westport Avenue in Norwalk. The plaintiffs are Edward Dzubak, Sharon Epstein, Marc Renna, Kathleen Renna, Margaret Hill, Gerald Hill, CT Page 9275-Y Katherine Hartford, Rodney Cook and Frank Paqua.
On August 3, 1992, SLD, the owner of both the subject property and "the world's largest dairy store" across the street at 100 Westport Avenue, filed an application with the Commission for a site plan review to "validate the existing, interim uses of the site," which is located in a Business No. 2 zone. (Return of Record [hereinafter "ROR"], Item 6, Site Plan Review Application, p. 1, Schedule B). (SLD's Brief, p. 3.). Following a petition by the neighbors in the area concerning noise generated by the trucks in the lot (ROR, Item 4, Copy of June 2, 1992 letter from Dzubzk [Dzubak] to Edward Leary, director of Planning Zoning), the Director of Planning Zoning found that a site plan review application was necessary. (ROR, Item 5, Copy of June 15, 1992 letter from Leary to Dzubak). The existing uses listed on the application were as follows: seasonal sales, including gift baskets, Garden Shop and Christmas Tree Shop, truck storage, minor vehicle repair, and temporary overflow employee parking. (ROR, Item 6, Site Plan Review Application, Schedule B). SLD's application stated that all of the existing uses were "accessory to the main store's retail operations." (ROR, Item 6) On September 16, 1992, a public CT Page 9275-Z hearing was held where a number of neighbors, including the plaintiffs testified, as well as a noise consultant, a traffic consultant, and an atmospheric consultant. (ROR Item 24, Transcript of September 16, 1992 Public Hearing, pp. 42-66, 7-21, 24-28).
On November 18, 1993, the Commission approved SLD's site plan, subject to the following modifications: that a gate or other permanent barrier be placed across access driveways to prevent delivery trucks from parking in the lot with their engines or refrigerator units running between the hours of 8:00 p. m. and 7:00 a.m.; that the driveway opening be reduced to a width that comfortably accommodates turning movements of trucks; that the asphalt parking area on the lot be limited to comply with setback and open space requirements; that the asphalt area within the front setback be removed and the area within the required setbacks be adequately landscaped; that the boats for sale on the property be removed; that a parking layout for trucks and employee parking be submitted; that shields be required to prevent the truck lights from shining into the neighbors' yards; that parking calculations for the proposed uses be submitted to the Commission; and that a CT Page 9275-AA complete survey containing the above modifications and a schedule showing compliance with the zoning regulations be submitted to the Commission. (ROR Item 42, Letter dated November 25, 1992 from Zoning Commission to SLD's counsel). Notice of the Commission's decision was published in "The Hour," a newspaper of general circulation in Norwalk, on November 25, 1992, (ROR, Item 41, Copy of Publisher's Affidavit, dated December 22, 1992).
On December 4, 1992, the plaintiffs filed the instant appeal pursuant to General Statutes 8-8. The plaintiffs claim that the Commission's approval of SLD's site plan, which included the storage of trucks on the subject property, was illegal, arbitrary and an abuse of discretion. In the plaintiffs' brief, dated April 12, 1993, they argue that the use of the subject property for truck parking to serve the main store was not an approvable use and that the "site plan" reviewed by the Commission was so inadequate as to permit no review at all. In defendant SLD's brief, dated June 10, 1993, it argues that the Commission's decision was within its prescribed powers, and that SLD's use of the subject property can be considered either off-street parking facilities for the main store or an accessory use to the main store.[1] SLD and the CT Page 9275-BB Commission also claim that "Exhibit A" of plaintiffs' brief, which attaches a letter from a zoning inspector, is not proper because pursuant to 8-8, a zoning appeal must be heard on the basis of the record before the Commission.
"Generally, it is the function of a zoning . . . commission to decide `within proscribed limits and consistent with the exercise of [its] legal discretion, whether a particular section of the zoning regulations applies to a given situation and the manner in which it does apply.'" (Citation omitted.) Schwartz v. Planning Zoning Commission, 208 Conn. 146, 152, 543 A.2d 1339 (1988). The trial court may not substitute its judgment for that of a local authority acting within its prescribed legislative powers. Frito-Lay, Inc. v. Planning Zoning Commission, 206 Conn. 554, 572-73,538 A.2d 1039 (1988). A court will only disturb a Zoning Commission's decision if the decision is found to be "unreasonable, arbitrary or illegal." Schwartz v. Planning Zoning Commission, supra. The burden of proof is upon the plaintiff to demonstrate that the Commission acted improperly. Adolphson v. ZBA, 205 Conn. 703,707, 535 A.2d 799 (1988).
The trial court must simply determine whether the record CT Page 9275-CC reasonably supports the conclusions reached by the agency. Primerica v. Planning Zoning Commission, 211 Conn. 85, 96,558 A.2d 646 (1989). When the zoning authority does not give reasons for its decision, the court must review the record to determine whether there is a basis for the action taken. A.P. W Holding Corp. v. Planning Zoning Board, 167 Conn. 182, 186, 355 A.2d 91
(1974).
The term "site plan" is "`a general term which is used in a functional sense to denote a plan for the proposed use of a particular site, purporting to indicate all the information required by the regulations for that use.'" (Citation omitted) Barberino Realty Development Corp. v. Planning Zoning Commission, 25 Conn. App. 392, 396, 594 A.2d 1025 (1991). Connecticut General Statutes 8-3(g) gives local zoning commissions the power to require a site plan to be filed, but provides that it "may be modified or denied only if it fails to comply with requirements already set forth in the zoning . . . regulations." See also Norwalk Code 118-1451(5). "In ruling upon a site plan application, the . . . commission acts in its ministerial capacity, rather than in its quasi-judicial or legislative capacity," which CT Page 9275-DD means that "[i]t is given no independent discretion beyond determining whether the plan complies with the applicable regulations." Allied Plywood v. Planning Zoning Commission,2 Conn. App. 506, 512, 480 A.2d 584 (1984); Barberino Realty 
Development Corp. v. Planning Zoning Commission, supra, 397.
In the plaintiffs' brief, they argue that the use of the subject property for truck parking to serve the main store is not an approvable use. The plaintiffs claim that the subject property cannot be considered an accessory use since it is not on the same parcel as the principal use. In response, SLD argues in its brief that SLD's use of the property for delivery trucks is proper, since the subject property can be considered either off-street parking facilities for the main store or an accessory use to the main store.
Under 118-522(B) of the Norwalk Code, the regulation addressing Business No. 2 zones, a use may be a principal use, listed in subsection (1), or an accessory use pursuant to subsection (4). It is found that "truck storage," the use which is the subject of this appeal, is not one of the listed principal uses CT Page 9275-EE in subsection (1). Therefore, the Commission must have found that truck storage was an accessory use, although this is not stated on the record.
Section 118-522(B)(4) provides that "[a]ccessory uses and structures which are incidental to and customarily associated with the principal use of the premises shall be permitted subject to the following restrictions: (a) [o]utdoor storage shall be confined to the rear and side yards only and shall be effectively screened from adjacent properties." "[T]he application of the concept [of accessory use] to a particular situation `may often present and depend upon questions of fact, or involve or be open to a legal exercise of discretion by the administrative officials and the board of appeals.'" Lawrence v. ZBA, 158 Conn. 509, 513,264 A.2d 552 (1969), quoting Chudnov v. Board of Appeals, 113 Conn. 49, 55,154 A. 161 (1931). The word "incidental," when used in a definition of "accessory use" incorporates two concepts: the use must be subordinate and minor rather than the primary use of the property, and it must also be "attendant or concomitant." Id., 512. "In applying the test of custom . . . some of the factors which should be taken into consideration are the sizes of the lot in CT Page 9275-FF question, the nature of the primary use, the use made of the adjacent lots my neighbors and the economic structure of the area." Lawrence v. ZBA, supra, 513.
In their brief, plaintiffs cite a number of Connecticut cases where courts have held that accessory uses are limited to the same lot as the principal lot. However, it is found that this line of cases involves local zoning regulations which contain language to that effect. See, e.g. Beit Havurah v. ZBA, 177 Conn. 440, 445,418 A.2d 82 (1979) (Norwalk zoning regulations require an accessory use to be located on same lot as principal); Lawrence v. ZBA, supra, 510 n. 1 (North Branford zoning regulations require same lot); Gada v. ZBA, 151 Conn. 46, 48, 193 A.2d 502 (1963) (East Lyme regulation pertains to accessory uses which are on the same premises as a residential use); Adley v. Paier, 148 Conn. 84 ___ 736 n. 4, 546 A.2d 919 (1988) (Montville regulations require accessory building to be on same lot). It is found that in one case plaintiffs cite which contains a "same lot" requirement, it is not clear whether the local regulation contains such language or not. See D J Quarry, Inc. v. Planning and Zoning Commission, 217 Conn. 447,456, 585 A.2d 1227 (1991). However, the reference to the CT Page 9275-GG "same lot" requirement in D J Quarry, Inc. is in dicta and the case is not factually similar to the one at bar, so it is not controlling.
As noted above, when a Commission reviews a site plan application, it must determine whether the application conforms to the applicable regulations. Barberino Realty Development Corp. v. Planning Zoning Commission, supra; Allied Plywood v. Planning Commission, supra. Unlike 118-910 of the Norwalk Code, dealing with accessory buildings in residence zones, which provides that "[t]he accessory building or structure shall be located on the same lot as the primary structure," 118-522 does not contain a "same lot" requirement. Therefore, under the applicable regulation, the Commission could have found truck storage to be an accessory use to SLD's main store across the street.
The record indicates that a board member described the way SLD developed over the years as "kind of unique" in that "all their properties are accessory that they have bought across the street." (ROR, Item 39, Transcript of Commission's November 18, 1992 Meeting, p. 3). The Commission believed that the trucks were a CT Page 9275-HH necessary part of the dairy store operation. For example, one member pointed out that although trucks should not be allowed at night in the lot with running engines or compressors, SLD should have the flexibility of allowing trucks there during the day in order to load and unload, as part of their business. (ROR, Item 35, Minutes of the Planning Zoning Review Committee Meeting, dated October 29, 1992, p. 2). Two other members of the Commission agreed that limiting the hours of the trucks may be a good solution, since the biggest complaint from the neighbors was that the trucks were there all night. (ROR, Item 35).
Pursuant to its regulations, the Commission could have found that SLD's use of the subject property for delivery trucks during certain hours was accessory to the main use of its property across the street. Accordingly, the Commission's decision to approve the truck storage during certain hours as an accessory use to SLD's main store was not illegal, arbitrary or an abuse of discretion.
The plaintiffs argue that the Commission's approval with modifications "was so nebulous as to be a blank check rather than a review for compliance." (Plaintiff's Brief, p. 12) They further CT Page 9275-II argue that the Commission's approval of the site plan with modifications prevented public input, since SLD submitted a survey to the Commission showing compliance with the modifications after the hearing. The plaintiffs claim that the Commission, after deciding to hold a public hearing regarding the site plan application, should have held another one concerning the modifications.
As noted above both General Statutes 8-3(g) and 118-1451(5) of the Norwalk Code provide that the Commission may modify a site plan if it does not comply with the requirements already set forth in the zoning regulations. Section 118-1451(6) provides that "[t]he Commission may, at its discretion, hold a public hearing on [a] site plan when, in its opinion, the size of the building, the location of the property, the area of the lot, the amount of parking provided and the traffic to be generated creates the potential for a significant impact upon the community or region." (Emphasis added).
The plaintiffs, contention that the Commission's approval of the plan with certain modifications was not a valid approval of a CT Page 9275-JJ site plan is unsupported by caselaw and the language of the regulations. Rather than being a "blank check," each modification was clearly delineated as required by 118-1451(5), and that both the General Statutes and the regulations permit the Commission to modify site plans. Furthermore, when a Zoning Commission reviews a site plan, "the review process may be accomplished without a public hearing." Connecticut Health Facilities, Inc. v. Zoning Board, supra, 6. Neither the statutes nor the regulations required the Commission to hold another public hearing to address the modifications.
The plaintiffs have failed to meet their burden of proving that the Commission acted improperly. A review of the record indicates that the Commission had a basis for their approval of the site plan, and that such action was not arbitrary, illegal or an abuse of discretion. Accordingly, the appeal is dismissed.
DEAN, J.