[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed October 11, 1996
On July 9, 1996 this case was initially brought by plaintiff Town of Watertown, Watertown Planning Zoning Commission and Mary T. Green, Assistant Zoning Enforcement officer of said Town, to temporarily enjoin defendants Leonide Plourde and Margaret Plourde, owners of property at 217 Williamson Circle, Oakville, Watertown, from parking a commercial vehicle (dump truck) at 217 Williamson Street in an R-125 Residential Zoning District.
The court ordered that pleadings be closed on the issues of a permanent injunction and heard the matter on August 12, 1996 ordering briefs to be prepared by August 26, 1996.
The court finds as facts the following:
1. The plaintiff, the Town of Watertown, is a municipal corporation situated in Litchfield County, with municipal offices in Watertown, Connecticut.
2. The plaintiff, Town of Watertown Planning Zoning Commission is the duly elected planning and zoning commission of the Town of Watertown.
3. The plaintiff, Mary T. Greene, ("Greene"), is the Assistant Zoning Enforcement Officer ("AZEO") of the Town of CT Page 6263 Watertown and is charged with the enforcement of the Watertown Zoning Regulations (the "Zoning Regulations") pursuant to §8-12 of the Connecticut General Statutes and § 72.2 of the Zoning Regulations.
4. The defendants, Leonide and Margaret Plourde, ("the defendants"), are the owners of real property located at 217 Williamson Circle in the Oakville section of the Town of Watertown, Connecticut (the "Property").
5. The property is located in an R-12.5 residential zoning district as defined by § 24 of the Town of Watertown Zoning Regulations.
6. On a site visit to the property on January 17, 1995, AZEO Green observed a red Ford Commercial Vehicle (dump truck) plate #CT85812, exceeding 10,000 lbs. gross vehicle weight, parked on the street in front of the property.
7. On or about January 20, 1995, the plaintiff, Greene, issued a Notice of Violation (Exhibit A) to the defendants, which stated that the parking of the red Ford Commercial Vehicle exceeded 10,000 lbs. gross vehicle weight at the property violated § 24.4.5 of the Zoning Regulations of the Town of Watertown, and ordered the defendants to cease parking the dump truck at that location.
8. On or about April 23, 1996, on a site visit to the property, AZEO Greene inspected the property, and observed a Commercial Vehicle (dump truck) Plate #CT95651 which exceeded 10,000 lbs. gross vehicle parked in front of the property.
9. On or about April 24, 1996, AZEO Green issued a Cease and Desist Order (Exhibit B) to the defendants, which ordered them to permanently cease parking a commercial vehicle in excess of 10,000 lbs. gross vehicle weight at the property, and to permanently cease use of the commercial vehicle in excess of 10,000 lbs. gross vehicle weight as a personal transportation vehicle to the property.
10. The defendants received the Cease and Desist Order and the defendant, Leonide Plourde, signed the certified mail return receipt, a copy of which is attached as Exhibit C.
11. On or about May 17, 1996 the Assistant Zoning Enforcement CT Page 6264 Officer reinspected the property and observed that the commercial vehicle in excess of 10,000 lbs. gross weight observed on April 23, 1996 was again observed parked on the public street in front of defendant's residence.
12. Defendant Leonide Plourde who is in the construction trucking business occasionally parks his commercial vehicle in excess of 10,000 lbs. gross weight on the street in front of his house when he comes home for lunch. The truck is kept overnight at a different location, not in a residential district.
13. There is no allegation that defendant parked his truck on the premises but rather on the street.
14. Williamson Circle, Oakville is a public street. The plaintiff Town alleges that the actions of defendant violates § 24.4.5 of the Zoning Regulations of the Town of Watertown.
Section 24.4 reads:
 Permitted Accessory Buildings, Structures and Uses:
 The following accessory buildings, structures and uses shall be permitted in the R-12.5 Residential District:
 24.4.5 Off-Street parking facilities for the use of the occupants of the premises and their guests, in accordance with § 63, provided that no more than one commercial vehicle, not excluding 10,000 lbs. gross weight other than a passenger car, shall be parked at the premises. Farm vehicles on a bonafide farm are exempt.
Section 63 referred to above is entitled OFF-STREET PARKING AND LOADING. Section 63.13.1 reads:
 Not more than one commercial vehicle with maximum vehicle capacity of 3/4 of a ton, other than a passenger car, per dwelling unit, shall be regularly parked in residential districts.
Further, § 5.2 definitions provides: CT Page 6265
 #127. PARKING SPACE, OFF-STREET: The area designated or intended for the temporary parking of a motor vehicle, not including aisles and driveways giving access thereto, located in other than a public street or other public way and having a permanent means of access to a public street without requiring passage through another parking space.
Although the Town's Zoning Officer has interpreted these provisions to bar on-street parking by defendant, this court disagrees. It appears clear to this court that parking on the public street or defendant's vehicle is not prohibited by the Zoning Regulations cited.
Even if one were to stretch the application of § 63.13.1, this section only bars trucks "regularly" parked in a residential district. There was no testimony that defendant regularly parked his truck on Williamson Circle.
Certainly defendant is barred from parking his truck on premises or off-street by these regulations. The case relied on by plaintiffs, Gada v. Zoning Board of Appeals of the Town ofEast Lyme, 151 Conn. 46, 48 (1963), involved off-street, on premises parking of trucks. This case is certainly distinguishable.
Therefore, the court finds that the Zoning Regulations of the Town of Watertown have not been violated and denies injunctive relief.
KULAWIZ, J.